UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL DOCKET** |
| | * | |
| **VERSUS** | * | **NO. 97-145** |
| | * | |
| **JHONNY PENA** | * | **SECTION "L"** |

## ORDER AND REASONS

Before the Court is Defendant Jhonny Pena's Motion to Vacate, Set-Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. (Rec. Doc. 1483). The Court has reviewed the documents and applicable law and now issues this Order and Reasons.

### I. BACKGROUND

On December 17, 1997, Pena pled guilty in this Court to Counts 2, 3, and 8, of a Superseding Indictment, which charged Pena with violations of 21 U.S.C. § 848, continuing criminal enterprise causing the intentional killing of Richard Curtis; 21 U.S.C. § 846, conspiracy to possess with intent to distribute cocaine hydrochloride; and 18 U.S.C. § 1956, money laundering. On March 31, 1999, the Court sentenced Pena to a term of life imprisonment on each of Counts 2 and 3, and a term of 240 months imprisonment on Count 8.

### II. PRESENT MOTION (Rec. Doc. 1483)

Pena filed a Motion to Vacate, Set-Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255 and argues that *Alleyne v. United States* demands post-conviction relief without regard to retroactivity. (Rec. Doc. 1483-2 at 6). Pena argues that *Alleyne* requires sentencing factors that alter a defendant's mandatory minimum sentence to be submitted to a jury and determined based on a reasonable doubt standard. (Rec. Doc. 1483-2 at 3). Pena contends that Count 2 and 3 of

1

the Superseding Indictment carried a base offense level of 38 and Count 8 carried a base offense level of 23, but the Court found additional facts to increase Pena's sentence, adding five levels to Count 2; six levels to Count 3; and fifteen levels to Count 8.  (Rec. Doc. 1483-2 at 5).  These enhancements, Pena asserts, were not recorded in the Superseding Indictment and were not submitted to a jury and are therefore unconstitutional under *Alleyne*.  (Rec. Doc. 1483-2 at 5).  Pena argues that the *Alleyne* holding did not signify a new constitutional principle but rather corrected the substantive law at the time of Pena's conviction.  (Rec. Doc. 1483-2 at 6).  According to Pena, the Court should thus afford post-conviction relief without regard to retroactivity.  Moreover, Pena asserts that the procedural *Alleyne* requirement did not originate with *Allyene* but has been "imbedded" in the Constitution "for more than [200] years."  (Rec. Doc. 1483-2 at 7).

  Government responded and argues that Pena is barred from filing a § 2255 motion because he waived his right to contest his sentence under the plea agreement.  (Rec. Doc. 1496 at 3).  Government asserts that Pena "reserved the right to appeal a punishment imposed in excess of the statutory maximum or any sentence that constituted an upward departure from the guideline range," but these exceptions do not apply to the instant motion.  (Rec. Doc. 1496 at 3).

  Government avers that *Alleyne* introduced a new rule of constitutional procedure and therefore is not rendered retroactive "unless the[] [rules] qualify as 'watershed' rules implicating 'the fundamental fairness and accuracy of the criminal proceeding.'"  (Rec. Doc. 1496 at 4) (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).  Government contends that the *Alleyne* rule does not constitute a "watershed" rule.  (Rec. Doc. 1496 at 4-5).  Government highlights the Fifth Circuit's holding in *In re Kemper*, which averred that the Supreme Court had not made *Alleyne* retroactive on collateral review.  (Rec. Doc. 1496 at 5-6).  Government also argues that

*Alleyne* does not apply to Pena's case because the enhancements did not increase the maximum or minimum penalty Pena faced. (Rec. Doc. 1496 at 6).

Finally, Government contends that Pena's motion is time-barred under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Since the *Alleyne* decision is not retroactive, Government argues that Pena cannot rely on the date of that decision to establish timeliness. (Rec. Doc. 1496 at 7).

### III. LAW AND ANALYSIS

"[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague v. Lane*, 489 U.S. 288, 301 (1989). "The explicit overruling of an earlier holding no doubt creates a new rule…." *Saffle v. Parks*, 494 U.S. 484, 488 (1990). "Under *Teague,* new rules will not be applied or announced in cases on collateral review unless they fall into one of two exceptions." *Penry v. Lynaugh*, 492 U.S. 302, 313 (1989). The first exception applies if a rule "places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe.'" *Teague*, 489 U.S. at 307 (quoting *Mackey v. U.S.*, 401 U.S. 667, 692 (1971)). The second exception is "reserved for watershed rules of criminal procedure." *Id.* at 311. Unlike the first exception, these new rules of criminal procedures "do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." *Schiro v. Summerlin*, 524 U.S. 348, 352 (2004). "This class of rules is extremely narrow, and 'it is unlikely that any has yet to emerge.'" *Id.*

In *Alleyne v. United States*, the Supreme Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury and found beyond a

3

reasonable doubt." 133 S. Ct. 2151, 2155 (2013). This holding qualifies as a new rule, as it overruled the prior Supreme Court precedent set forth in *Harris v. United States*, which "held that judicial factfinding that increases the mandatory minimum is permissible under the Sixth Amendment." *Id.* The *Alleyne* holding is procedural, as it does not decriminalize a defendant's primary conduct but rather governs the procedure to determine sentencing. The Court could therefore only apply *Alleyne* retroactively if it fell within the second *Teague* exception, but the Fifth Circuit has held that the Supreme Court did not declare that *Alleyne* applies retroactively on collateral review. *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). As *Alleyne* is a new rule of criminal procedure, and the Fifth Circuit has held that it does not apply retroactively, this Court finds that it cannot apply the rule of criminal procedure established in *Alleyne* to Pena on collateral review.

Even if the Court could apply the *Alleyne* rule to Pena on collateral review, the rule would not afford any relief to Pena. While Pena argues that the Court enhanced Pena's base offense levels for Counts 2, 3, and 8, the PSI indicates that Count 2 carried a base level offense of 43. As reflected in the PSI, which the Court adopted during Pena's sentencing hearing, the Court did not increase Count 2's base offense level based on any factfindings and ultimately found an adjusted offense level of 43. (PSI ¶¶ 140-143). Statutory provisions for Count 2 called for a minimum sentence of twenty years imprisonment and a maximum of life imprisonment. 21 U.S.C § 848(e); PSI ¶ 191. The Court ultimately applied a total offense level of 43 and sentenced Pena to a term of life imprisonment on Counts 2 and 3 and a term of 240 months imprisonment on Count 8, all sentences to be served concurrently. As Count 2 called for a base offense level of 43 with statutory guidelines of 20 years to life imprisonment without enhancement, and the Court ultimately applied a base level offense of 43, the Court did not

increase Pena's minimum sentence based on any Court factfindings. The *Alleyne* holding therefore does not apply.

Finally, Pena cannot proceed with any collateral attacks on his sentence because he waived this right in his plea agreement and limited his right to appeal to two situations. (Rec. Doc. 327 at 2). More specifically, pursuant to Pena's plea agreement, Pena cannot attack his sentence in post-conviction proceedings but reserved the right to appeal a sentence imposed in excess of the statutory maximum and to appeal a sentence that signified an upward departure from the Guidelines range. (Rec. Doc. 327 at 2). The appeal presented in the instant § 2255 motion does not correspond to either of those two exceptions, and Pena is therefore prohibited from pursuing this § 2255 motion pursuant to his plea agreement.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Pena's Motion to Vacate, Set-Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. (Rec. Doc. 1483) is hereby **DENIED**.

New Orleans, Louisiana this 21st day of October, 2014.

_____
UNITED STATES DISTRICT JUDGE

cc:

Jhonny Pena #25852-034
FCC-Yazzo City Medium
P.O. Box 5888
Yazoo City, MS 39194-5888